Filed 1/5/15  P. v. Hall CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DOUGLAS VAUGHN HALL,<br><br>    Defendant and Appellant. | 2d Crim. No. B252482<br>(Super. Ct. No. CR44175)<br>(Ventura County) |

Douglas Vaughn Hall appeals the order denying his petition to recall his sentence under the Three Strikes Reform Act of 2012 (the Act).  (Pen. Code,[1] § 1170.126.)  Appellant contends the court erred in finding that resentencing him would pose an unreasonable risk of danger to public safety.  We affirm.

PROCEDURAL BACKGROUND

In 1999, appellant was convicted in a court trial of possessing a controlled substance (Health & Saf. Code, § 11350, subd. (a)).  He had prior strike convictions for burglary (§ 459), involuntary manslaughter (former § 192.2, now § 192, subd. (b)), and robbery (Or. Rev. Stats., § 164.405).  The trial court sentenced him to serve 25 years to life in prison, in accordance with the three strikes law.

---

[1] All further undesignated statutory references are to the Penal Code.

In December 2012, appellant filed a petition for writ of habeas corpus seeking resentencing under the Act. The trial court construed the petition as a statutory petition for resentencing. The People opposed the petition on the ground that resentencing appellant would pose an unreasonable risk of danger to public safety, as contemplated under subdivision (f) of the Act.

Appellant testified at the hearing on the petition and submitted documentary evidence. After hearing argument, the court denied the petition. The court found that numerous factors weighed in favor of a finding that resentencing appellant would pose an unreasonable risk of danger to public safety. In 1979, appellant was charged with attempted murder and was convicted of second degree robbery. He was accompanied by others, yet was the only one who possessed a gun and fired it. Although appellant testified at the hearing that he only meant to frighten his victims, the court found this did not diminish the fact that he actually fired the gun.

In 1983, appellant was convicted of involuntary manslaughter pursuant to a plea bargain. The court found the circumstances of the crime were "particularly disturbing and implicate serious public safety concerns," in that appellant escalated the situation that led to his victim's death by arming himself with a large butcher knife. Although appellant testified at the hearing that he had acted in self-defense, the evidence indicated that appellant had inflicted five stab wounds to the front of the victim's body and six to the back, three of which were lethal.

Appellant committed additional theft and drug-related crimes in 1983 and 1993. In 1997, he was convicted of committing battery on a law enforcement officer. The following year, he was convicted of carrying a concealed dirk or dagger (former § 12020). Less than a year later, he was convicted of unlawful possession of a controlled substance (Health & Saf. Code, § 11350). The court noted that "while any one of the crimes may seem 'remote' to the year 2013, what is striking to the court is the continuous criminal conduct from 1978 up through the conviction on April 12, 1999."

The court found appellant's disciplinary record while in custody also weighed heavily in favor of a finding that he posed an unreasonable risk of danger to

2

public safety. Appellant had a total of 19 disciplinary incidents, three of which involved violence. In 1999 and 2006, he committed battery on other inmates. In 2009, he threw a cup at a correctional officer. Two months later, he challenged a correctional officer to a fight and had to be forcibly immobilized.

The court also considered various factors that weighed against a finding that appellant posed an unreasonable risk of danger to public safety. The court noted that appellant had taken positive steps toward rehabilitation and had obtained certificates of completion in math and reading courses. The court also noted appellant's receipt of satisfactory reviews, and the time gaps between his disciplinary incidents. Appellant's family support and lack of gang affiliation were additional mitigating factors. The court ultimately found, however, that the People had met their burden of proving by a preponderance of the evidence that resentencing appellant would pose an unreasonable risk of danger to public safety.

## DISCUSSION

Appellant contends the trial court erred in denying his petition for resentencing under the Act. He claims the court incorrectly found that resentencing him under the Act would pose an unreasonable risk of danger to public safety, as contemplated in subdivision (f) of the statute. We disagree.

The Act, adopted by the voters pursuant to Proposition 36, changed the three strikes law by reserving a life sentence for cases in which the current crime is a serious or violent felony or the prosecution has pleaded and proved an enumerated disqualifying factor. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167.) The Act also allows an inmate to file a petition for recall of sentence, and request resentencing, if the inmate is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony. (§ 1170.126, subd. (b).) If the inmate is eligible for resentencing (*id.* at subds. (e), (f)), the trial court shall resentence the inmate unless it determines, in its discretion, that resentencing would pose an unreasonable risk of danger to public safety. (*Id.* at subd. (f).)

3

"In exercising its discretion in subdivision (f), the court may consider: [¶] (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes; [¶] (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and [¶] (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety." (§ 1170.126, subd. (g).)

The People bear the burden of showing by a preponderance of the evidence that resentencing a defendant under the Act would pose an unreasonable risk of danger to public safety. (*People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1305.) We review the ruling for an abuse of discretion. (See *People v. Carmony* (2004) 33 Cal.4th 367, 375 (*Carmony*).) "In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, '"[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve the legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review."' [Citations.] Second, a '"decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.'"' [Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, at pp. 376-377.)

Appellant's opening brief ignores this standard of review. He instead urges us to do exactly what we cannot do – substitute our judgment for that of the trial court. He argues that certain factors support findings that are contrary to those of the trial court, yet fails to demonstrate that the court failed to consider these factors in reaching its decision. He also fails to establish that these factors effectively compel the opposite finding, such that the court's ruling is "so irrational or arbitrary that no reasonable person

4

could agree with it."  (*Carmony, supra*, 33 Cal.4th at p. 377.)  Because appellant fails to meet this burden, the order must be affirmed.  (*Ibid.*)

The judgment (order denying petition for resentencing) is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

Brian J. Back, Judge

Superior Court County of Ventura

_____

Susan L. Jordan, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Daniel C. Chang, Deputy Attorney General, for Plaintiff and Respondent.